UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

ISAIAH BENTLY                                                                                                         PLAINTIFF

v.                                         CIVIL ACTION NO. 5:23-CV-P32-JHM

JESSE PERRY et al.                                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

      Plaintiff Isaiah Bently, a pretrial detainee, initiated this *pro se* 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, some of Plaintiff's claims will be dismissed, others will be allowed to continue, and Plaintiff will be afforded an opportunity to amend her complaint.

**I. STATEMENT OF CLAIMS**

      Plaintiff is housed at the Luther Luckett Correctional Complex (LLCC), although she is a Graves County pretrial detainee. She sues in their official capacities the Graves County Fiscal Court Judge Executive Jesse Perry and the Kentucky Department of Corrections (KDOC) Commissioner Cookie Crews.

      Plaintiff states that she identifies as a transgender woman and explains that she has taken hormone replacement therapy medication and has female breasts. The complaint details that she was housed in several different county facilities before being moved to LLCC. She states that she was booked into the Fulton County Jail on March 22, 2022, where she informed the jail staff that she was transgender and wished to be searched by a female officer and housed as a female inmate. Instead, she alleges, she was searched by a male jail official, which brought back

memories of sexual abuse when she was a child. After being detained there overnight in "female [administrative segregation]," she states that she was then transferred to the Calloway County Jail for one night, and then to the Grayson County Detention Center (GCDC), where despite telling staff that she is transgender and wanted to be housed as a female, she was housed as a male in administrative segregation and strip searched by a male officer. She states that while at the GCDC she was sexually harassed by inmates wanting to see her breasts.

Plaintiff states that a couple of weeks later, she was transferred to the Warren County Jail, where she was placed in a "violent male inmate pod" and suffered harassment. According to the complaint, Plaintiff was moved to the LLCC not long thereafter because the Graves County Fiscal Court could not find any place to properly house a transgender pretrial detainee in accordance with KDOC Policies and Procedures (CPP) 14.8, which addresses transgender offenders. She alleges that since being housed at LLCC she has been physically assaulted by convicted felons.

Plaintiff alleges that Defendants have violated her Eighth Amendment rights because despite being aware that Plaintiff was at substantial risk for being harmed, they failed to protect her, and in fact she was injured; that her Eighth and Fourteenth Amendment rights were violated because she was subjected to sexual harassment and was not provided access to mental health officials with training in "transgenders" despite her requests, and was not provided proper security. She also alleges that her right to privacy was violated and that Defendants violated the Prison Rape Elimination Act (PREA). According to the complaint, Plaintiff suffers from gender dysphoria and has been denied mental health therapy.

As relief, Plaintiff requests a transfer to a female facility.

Plaintiff attaches several exhibits, including a copy of a Memorandum of Agreement (MOA) signed by Defendants Crews and Perry. That MOA provides that Plaintiff will be housed within the KDOC until Plaintiff can be securely housed in a county jail or her criminal prosecution in Graves County is concluded. She also attaches a copy of CPP 14.8 regarding transgender inmates within the KDOC.[1]

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

---

[1] Also attached are several GCDC resident-requisition forms filled out by Plaintiff requesting that she be housed with a female population and that she not be held in administrative segregation. However, Plaintiff does not sue Grayson County or any GCDC officials, and the Court therefore does not consider her allegations about her stay at the GCDC or any other county facility as separate claims.

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Eighth Amendment

Because Plaintiff is not a prisoner, the Eighth Amendment has no application to this case. *See, e.g.*, *Neal v. Dorch*, No. 3:09-CV-P766-S, 2010 WL 1141211, at *4 (W.D. Ky. Mar. 22, 2010) ("The Eighth Amendment . . . applies only to convicted prisoners."). Plaintiff's Eighth Amendment claim will be dismissed for failure to state a claim upon which relief may be granted.

### B. Fourteenth Amendment

As a pretrial detainee, Plaintiff's claims related to her right to privacy and alleged deliberate indifference to her safety and mental health fall under the Fourteenth Amendment. Upon review, the Court will allow Plaintiff's Fourteenth Amendment claims related to being searched by male guards and being housed with men despite being transgender thereby subjecting her to sexual harassment and assault to continue against Graves County and the KDOC.[2] In doing so, the Court finds that Plaintiff has alleged a policy of Graves County to enter contracts to house pretrial detainees when a suitable county facility cannot be found regardless of whether she will be housed with male inmates or be searched by male guards.

As to Plaintiff's claim related to deliberate indifference to her mental health needs, Plaintiff does not identify any person(s) responsible for denying her requests for mental health treatment. The Court will allow Plaintiff to amend her complaint to identify individual Defendant(s) who she alleges denied her mental health care. *See, e.g., LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a

---

[2] "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

4

district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

### C. Prison policies and procedures

To the extent that Plaintiff claims that Defendants violated certain KDOC policies and procedures, Plaintiff fails to state a § 1983 claim upon which relief may be granted. *See, e.g.*, *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010) ("It has long been established that the violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983.").

### D. PREA

The Court will dismiss Plaintiff's claim related to Defendants' alleged violation of the PREA for failure to state a claim. *See, e.g.*, *Keeling v. Grayson Cnty. Det. Ctr.*, No. 4:22-CV-P148-JHM, 2023 WL 2482221, at *3 (W.D. Ky. Mar. 13, 2023) (dismissing plaintiff's claim that his constitutional due process rights were violated because jail officials failed to adequately investigate his PREA claim); *Bracy v. Tully*, No. 1:22cv827 (RDA/WEF), 2022 WL 3229325, at *4 (E.D. Va. Aug. 10, 2022) (holding "no freestanding constitutional right" to an investigation into a PREA complaint under § 1983) (collecting cases)); *Simmons v. Solozano*, No. 3:14CV-P354-H, 2014 WL 4627278, at *4 (W.D. Ky. Sept. 16, 2014) ("[T]he PREA creates no private right of action.").

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Eighth Amendment claims, her claims related to Defendants failing to follow prison policies and procedures, and her PREA claim are

5

**DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Order, **Plaintiff may file an amended complaint in which she 1) names individual Defendant(s) who were deliberately indifferent to her mental health; and 2) describes the actions taken or not taken by each Defendant in regard to each claim.**

The **Clerk of Court** is **DIRECTED** to place the instant case number and the word "Amended" on a § 1983 complaint form and send it to Plaintiff for her use should she decide to file an amended complaint.

The Court will enter a separate Service and Scheduling Order after initial review of Plaintiff's amended complaint, should she file one, or after the 30-day period expires.

Date: August 4, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.009